PER CURIAM.
This matter is before the Court on Petition for Approval of Conditional Guilty Plea and Entry of Final Order of Discipline.
On October 9, 1978, The Florida Bar filed its Petition alleging:
“1. On May 12, 1978, counsel for The Florida Bar filed a complaint charging respondent with violating Disciplinary Rules 6-101(A)(l), 6-101(A)(2), 6-101(A)(3), 7-101(A)(2) and 7-101(A)(3) of the Code of Professional Responsibility of The Florida Bar.
“2. On May 26, 1978, respondent executed a conditional guilty plea in which he admitted violating Disciplinary Rules 6-101(A)(l), 6-101(A)(2), 6-101(A)(3), 7-101(A)(2) and 7-101(A)(3) in that he accepted representation of a client with the knowledge that he was neither qualified nor competent to handle her maritime personal injury claim, and he took no substantial steps thereafter to become qualified in the area through study and investigation. Respondent neglected to timely file suit on the client’s behalf, and *398 the claim was barred by the applicable statute of limitations.
“3. On September 26, 1978, the Executive Committee of the Board of Governors of The Florida Bar approved the Conditional Guilty Plea for Consent Judgment subject to this Court’s .approval.”
The Petition for Approval of Conditional Guilty Plea is granted, and Respondent, John J. Gallagher, is hereby disciplined by public reprimand to be published in the Southern Reporter based upon the facts set forth above. The publication of this Opinion shall serve as the public reprimand to Respondent.
Costs in the amount of $292.10 are hereby taxed against the Respondent.
It is so ordered.
ADKINS, Acting C. J., and BOYD, OVERTON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.